14034

SMITH v. BENEFIT ASS'N OF RAILWAY EMPLOYEES

(179 S. E., 324)

348

*Messrs Royall & Wright*, for appellant, 

*Messrs. McEachin & Townsend*, for respondent, 

April 2, 1935.

The opinion of the Court was delivered by Mr. E. C. DENNIS, ACTING ASSOCIATE JUSTICE.

This is an action for the recovery of damages for alleged breach of an insurance contract. The policy involved is not a life insurance policy, but a policy covering only accident and health benefits. The plaintiff took out such policy with the defendant in 1931. In 1933, the plaintiff surrendered this policy and made application for a new one. This action was based on the termination of the first policy, and the allegations were that the first policy issued was fraudulently terminated by the defendant. There is no claim on the part of the plaintiff that he had suffered any illness or injury which would have entitled him to any benefits under the policy had it remained in full force and effect. The defendant denied any liability. On trial the jury found a verdict for the plaintiff for $500.00 actual and $2,500.00 punitive damages. Upon the trial of the case, the presiding Judge charged the jury: "Now, if you find that the defendant wrongfully canceled the policy, in the first place, the plaintiff would be entitled

to a verdict for actual damages for that wrongful cancellation. And the measure of those actual damages would be the extent to which the plaintiff was deprived of the more favorable benefits, which he would have had a right to enjoy under the policy which was canceled. Those benefits, which were greater in that policy than the ones contained in the policy which was substituted for it. That would be the measure of the actual damages which the plaintiff would be entitled to in the event you find that the defendant wrongfully canceled the policy."

In due time defendant made a motion for a new trial. In passing upon the motion for a new trial, the presiding Judge stated in his order: "Careful consideration has been given to the grounds of the motion and to the authorities cited by both sides, as well as to the testimony produced at the trial and the contents of the policy contract. It appears that no claim was ever made by plaintiff for any disability benefits under the provisions of the policy, because he suffered no disability, and therefore no damages could be recovered by him on that ground. The plaintiff testified, however, that at the time the policy in controversy was surrendered by him he had paid two months' premiums in advance, at the rate of $3.10 per month. He further testified that he paid the additional sum of $2.00, constituting an additional premium for certain increased benefits which were to be provided for in the new policy which was to be substituted for the old one surrendered by him. It further appears that these premiums were retained by the defendant following the cancellation of the policy."

It seems to have been admitted by all parties that the charge of the presiding Judge as above set forth was erroneous, and he undertook to correct this error by finding a verdict for the plaintiff for $8.20, as shown by his order: "Plaintiff testified that he never received the termination notice, and his testimony as to the failure of the defendant to return any portion of the unearned premiums is undis-

puted. The measure of his actual damages, therefore, should be the amount of these premiums, but such damages must be limited to that amount, to wit: the sum of Eight and 20/100 Dollars ($8.20). It follows, therefore, that the verdict for actual damages must be reduced to the amount last named."

It is clear that the defendant was entitled to have ██ the verdict found by the jury and not by the Judge Having given erroneous instructions, and the verdict of the jury having been based on such instructions, it was not within the province of the Court to render a verdict, and there should be a new trial.

Judgment reversed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.